IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. |
| v. | } } } | COMPLAINT |
| MKB CONSTRUCTION, INC. | } } | **JURY TRIAL DEMANDED** |
| Defendant. | } | |

## NATURE OF THE ACT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide relief to David Morales. The Commission alleges that Defendant, MKB Construction, Inc. (hereafter "Defendant"), violated Title VII by terminating David Morales in retaliation for reporting sexual harassment on the job.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, El Paso Division.

1

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ( "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been and is now doing business in the state of Texas and the city of El Paso, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, David Morales filed a charge with the Commission alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2010, the Defendant has engaged in unlawful employment practices at its El Paso location in Texas, in violation of Section 704 of Title VII, 42 U.S.C. §2000e-3(a). Specifically, the Defendant terminated David Morales because he reported what he reasonably believed to be unlawful sexual harassment on the job. After enduring stares, taunts and threats of a sexual nature by a male co-worker, Mr. Morales, a painter, walked to the management office to complain of sexual harassment. The very next day, Defendant fired Mr. Morales for "…taking immoral and offensive conduct from another individual." Defendant's termination report reveals that, had Mr. Morales not reported the unwelcome sexual conduct, he would not have been discharged from his job.

8. The result of the foregoing practices has been to deprive David Morales of equal employment opportunities because of retaliation.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of David Morales.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of retaliation.

B. Order the Defendant to institute and carry out policies, practices, and programs

which provide equal employment opportunities for David Morales and eradicate the effects of its past and present unlawful unemployment practices.

    C.  Order the Defendant to make whole David Morales by providing appropriate pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices.

    D.    Order the Defendant to make whole David Morales by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

    E.    Order the Defendant to pay David Morales punitive damages for its malicious conduct or reckless indifference to their federally protected rights as described in paragraphs 7 and 10 above, in an amount to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG. REAMS
Associate General Counsel

 s/Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

 s/Toby W. Costas
TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2760
(FAX) (214)  253-2749